### JOSEPH BLOCK *v.* O. FONTENOT, ASSESSOR.

1. A party who has complied, in whole or in part, with the judgment against him cannot appeal.
2. Where a demand for reduction of an assessment has been rejected; and, under Sec. 40 of Act 77, of 1880, the Court, in its judgment, has assessed a fee against the tax-debtor, suing, and in favor of the District Attorney; and where said tax-debtor has paid such assessed fee—held, that there has been a partial acquiescence, or compliance, and the right of appeal is lost.

*Appeal from the District Court of the Thirteenth Judicial District, Parish of St. Landry. Hudspeth, J.*

*John N. Ogden* for plaintiff and appellant.

*Perrodin & DuRoy* for defendant and appellee.

### ON MOTION TO DISMISS.

IRION, J.—The appellee has moved to dismiss this appeal, on the ground that the appellant has acquiesced in the judgment appealed from by voluntarily executing the same. The suit is a proceeding, on the part of the plaintiff, to have his assessment reduced. The Court *a qua* refused the relief asked for, and in addition gave a judgment against the plaintiff for twenty dollars, as a fee for the District Attorney, who represented the defendant assessor. It appears that the plaintiff voluntarily paid this fee, as ordered by the Court. Sec. 40 of Act No. 77, of the Acts of 1880, provides, that "whenever judgment, in any suit relating to taxes, is rendered in favor of the collector, or other officer representing the State, the Court shall adjudge that the party against whom the judgment is rendered shall pay to the District Attorney five per cent. on the amount collected." This is not properly a reconventional demand. It is in the nature of a pen-

alty which the law fixes and which the Judge, in the language of the law, shall decree that the taxpayer shall pay to the District Attorney.

The fee is dependent upon the amount of the judgment against the taxpayer. If the judgment should be changed, on appeal, the fee being a per cent., upon the amount of the judgment, must also be necessarily changed. It is therefore a part of the judgment, which latter cannot be reviewed without necessarily reviewing the per centum assessed by the Judge as a fee.

In the Succession of Egana, 28 An. 59, the Supreme Court said, "It cannot be controverted, that under the laws and jurisprudence of this State, the party who voluntarily executes, either partially or *in toto*, a judgment rendered for or against him, or who voluntarily acquiesces in or ratifies, either partially or *in toto*, the execution of that judgment, is not permitted to appeal from it."

We think the plaintiff has voluntarily executed the judgment, so far as he was commanded to do anything, and the motion to dismiss must be sustained.

It is therefore ordered that this appeal be dismissed at plaintiff's cost.

Rehearing refused.